UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

IN RE:  Willie F. Small                  :        Chapter    13
        Sharon L. Small                  :        Case No.

## CHAPTER 13 PLAN

1.  The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor(s)' employer) shall pay the trustee the sum of $815 monthly.

2.  From the payments so received the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT | PAYMENT AMOUNT |
|---|---|---|
| None | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof a claim by the creditor. These payments will be applied to reduce the principle of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Robins Federal CU | $135/mo |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)

| CREDITOR | AMOUNT DUE | INTEREST | COLLATERAL | PMT |
|---|---|---|---|---|
| Robins Federal CU | $27,000.00 | 5.00% | 2015 Kia Optima | $565/mo |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL | PMT |
|---|---|---|---|---|---|
| Titlemax | $2,300.00 | Debt | 5.00% | 2002 Ford F150 | $50/mo |

(f) Attorney fees pursuant to 11 U.S.C. sec. 507(a)(2) of $3000.00 to be paid as follows: Pursuant to the current Administrative Order on Attorney Fee Awards.

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL |
|---|---|---|---|---|
| 360 Mortgage Group | $2,046.00 | Debt | 5.00% | RE Arears |
| Lake Wildwood HOA | $230.00 | Debt | 5.00% | Homeowner dues |

(h) The following collateral is to be surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| Hilton Head Development Co./Elite Resort Group | timeshare |

(i) The following domestic support payments will be paid over the life of the plan as follows: (These payments will be

made simultaneously with the payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. (If this is left blank no interest will be paid.)

| **NAME OF CREDITOR** | **PAYMENT AMOUNT** |
|---|---|
| None | |

(j)  The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of secured debt:

**NAME OF CREDITOR**
None

(k)  All other U.S.C. sec. 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l)  The debtor(s) will be the disbursing agent on the following debts:

**NAME OF CREDITOR**
360 Mortgage Group, mortgage

(m) Special provisions:
(i) Upon discharge, all non-purchase money, non-possessory liens in, on, or against any and all property of the bankruptcy estate held by the following listed creditors shall be avoided pursuant to 11U.S.C. Sec.522(f) to the extent that such lien impairs an exemption to which the debtor is entitled. Upon notice of discharge said creditors shall cancel said liens of record within (15) days of such notice.

**NAME OF LIENHOLDER**
None

(n)  Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtor will pay all of his disposable income as shown on Form B22C of $0.00 to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor will pay this amount to priority and other unsecured creditors in order to be eligible for a discharge in this case.

    (iii)  The debtor will pay $0.00 to the general unsecured creditors to be distributed prorata.

(o)  General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only):

    (a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (b) the debtor(s) will make payments for _____ months and anticipates a dividend of _____%, but will exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date:   06/06/16                                          /s/   Willie F. Small
                                                                     Debtor
                                                                     /s/   Sharon L. Small
                                                                     Debtor

Case 16-51196    Doc 5    Filed 06/15/16    Entered 06/15/16 15:25:48    Desc Main
Document      Page 3 of 3